IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HAMED HESAMI, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| V. | § | CIVIL CASE NO. SA-26-CV-01486-FB |
| | § | |
| TODD BLANCHE, Acting Attorney General | § | |
| of the United States; MARKWAYNE | § | |
| MULLIN, Secretary of the Department | § | |
| of Homeland Security; TODD LYONS, | § | |
| Acting Director United States Immigration | § | |
| and Customs Enforcement; MIGUEL | § | |
| VERGARA, Field Office Director, San | § | |
| Antonio Field Office, United States | § | |
| Immigration and Customs Enforcement | § | |
| (ICE); and BOBBY THOMPSON, Warden | § | |
| of the South Texas Detention Facility, | § | |
| | § | |
| *Respondents*.[1] | § | |

### ORDER GRANTING WRIT OF HABEAS CORPUS

Before the Court are Petitioner Hamed Hesami's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") (ECF No. 1), the Federal Respondents' ("Respondents" or "Government") response (ECF No. 5), and Petitioner's reply (ECF No. 7). The relevant facts are undisputed and the Court grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted). After careful review, the Court is of the opinion that the Petition should be granted.

### BACKGROUND

Petitioner is detained at the South Texas Immigration Processing Center in Pearsall, Texas, located in the Western District of Texas. Petitioner entered the United States on October 11, 2024, and

---

[1]Markwayne Mullin was sworn in on March 24, 2026, as Secretary of Homeland Security, and therefore is substituted for former Secretary of Homeland Security Kristi Noem as the proper, named Respondent. Todd Blanche was appointed acting Attorney General on April 2, 2026, and therefore is substituted for former Attorney General Pamela Bondi as the proper, named Respondent. *See* FED. R. CIV. P. 25(d).

upon entry Immigration and Customs Enforcement ("ICE") apprehended and detained Petitioner. On August 4, 2025, immigration authorities issued a final order removing Petitioner to Iran. However, Petitioner was also granted withholding of removal to Iran under INA § 241(b)(3) and the Convention Against Torture. Petitioner filed this Petition on March 5, 2026, arguing among other things that his continued detention violates the *Zadvydas* six-month rule.

*Zadvydas* states that after a final order of removal is issued, Respondents can choose to detain a petitioner for up to six months as a reasonable period to carry out the removal. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). However, if the period expires without removal and the detainee demonstrates good reason to believe removal is not reasonably foreseeable, and Respondents cannot rebut that showing, the petitioner must be released. *Id.* Here, Petitioner argues Respondents continue to detain him without a foreseeable endpoint in violation of *Zadvydas*..

When ordering service, the Court entered an order staying Respondents from removing Petitioner during the pendency of this litigation as "a proper exercise of its inherent power to preserve its ability to hear the case." *Maldonado v. Lyons*, Case No. 5:26-CV-0112-JKP, 2026 WL 196521, at *2 (W.D. Tex. Jan. 20, 2026); *see also* (ECF No. 2, at 3 n.1) (citing *Maldonado*). Respondents argue that lifting the stay restarts the 90-day mandatory detention period pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii). Respondents further contend that "Petitioner's *Zadvydas* claim fails" because "ICE is currently investigating appropriate third countries for removal" and "[o]nce the stay of removal is lifted, ICE anticipates no impediments to executing the order." (ECF No. 5, at 6).

## DISCUSSION

The Court first turns to Respondents' argument that 8 U.S.C. § 1231(a)(1)(B)(ii) applies to restart the clock on Petitioner's mandatory detention once the stay is lifted. Section 1231(a)(1)(B) provides in relevant part that the removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

8 U.S.C. § 1231(a)(1)(B)(i),(ii).  Petitioner's removal period thus began on August 4, 2025–the date his removal order became administratively final–unless § 1231(a)(1)(B)(ii) dictates a later date.  The Court finds it does not.  Although there is a court-ordered stay, § 1231(a)(1)(B)(ii) does not apply because the Petition "does not entail judicial review of a *removal order*, as the plain text of the statute requires." *Diouf v. Mukasey*, 542 F.3d 1222, 1230 (9th Cir. 2008).  Accordingly, Petitioner's removal period began on August 4, 2025, pursuant to § 1231(a)(1)(B)(i), and § (a)(1)(B)(ii) does not operate to restart Petitioner's mandatory detention period.

Moreover,  because "the *Zadvydas* period is cumulative," *Abuelhawa v. Noem*, 811 F. Supp. 3d 847, 855–56 (S.D. Tex. 2025), "Petitioner's months of previous removal-period detention must be considered in assessing the ripeness of his *Zadvydas* claim."  *Tewelde v. Blanche*, No. SA-26-CV-1044-FB (HJB), 2026 WL 1204661, at *3 (W.D. Tex. Apr. 10, 2026), *report and recommendation adopted*, No. SA-26-CV-01044-FB, 2026 WL 1203459 (W.D. Tex. May 1, 2026).

Turning to *Zadvydas*, this Court stayed Petitioner's removal during the pendency of this litigation, but went on to state: "Of course, this stay does not preclude Respondents from taking necessary steps to effect petitioner's removal, it merely stays the physical removal or transfer of Petitioner." (ECF No. 2, at 3).  To this end, Respondents' representations that they are investigating third-country removal options for Petitioner and do not anticipate any impediments to executing the removal order once the stay is lifted  offer little insight into Respondents' removal plans going forward and do not demonstrate that Petitioner's removal is likely to occur in the reasonably foreseeable future. They identify no candidates for third-country removal and do not explain why none have been identified

after more than ten months of post-removal detention. They do not show that Respondents are in the process of preparing a formal request or provide any basis for the delay in submitting such a request. They do not provide any insight as to when these countries might reach a decision once a formal request has been submitted or the likelihood that these countries will accept Petitioner for removal and issue travel documents. This "leaves the question of a foreseeable removal . . . open-ended and indefinite–precisely a concern that helps drive the result in *Zadvydas*." *Sarin Chann v. English*, No. 3:26CV104 DRL-SJF, 2026 WL 1613941, at *3 (N.D. Ind. June 4, 2026).

## CONCLUSION

"The Court is mindful that the government has the right to enforce [Petitioners]'s Order of Removal. But the government may not detain [Petitioner] for an indefinite and undetermined period of time while it tries to effect that removal when the circumstances are such that his removal is not reasonably likely in the foreseeable future. Such an action violates the Due Process Clause, as explained in *Zadvydas*." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 704 (S.D. Tex. 2025). Thus, Petitioner should be released. *See Zadvydas*, 533 U.S. at 699.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED** such that:

1.      Respondents are **DIRECTED** to **RELEASE** Petitioner Hamed Hesami from custody, under reasonable conditions of supervision, to a public place no later than **June 17, 2026**.

2.      Respondents must **NOTIFY** Petitioner's counsel of the exact location and exact time of release as soon as practicable and no less than two hours before release.

3.      Respondents shall **FILE** a status report no later than **June 18, 2026**, confirming that Petitioner has been released.

-5-

IT IS FINALLY ORDERED that the stay is lifted, motions pending with the Court, if any, are Dismissed as Moot, and this case is CLOSED.

It is so ORDERED.

SIGNED this 11th day of June, 2026.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE